U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB 23 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHNNIE C. CHADDICK AND JACKIE CHADDICK | : | DOCKET NO. 07-2104 |
| VS. | : | JUDGE TRIMBLE |
| ALLSTATE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #14) filed by defendant, Allstate Insurance Company ("Allstate") wherein the mover seeks a ruling in its favor to dismiss the instant suit with prejudice at Plaintiffs' costs.

## FACTUAL STATEMENT

Plaintiffs are the holders of a National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") issued by defendant, Allstate, which was in full force and effect on the date that Plaintiffs allege that a flood loss occurred. Allstate issued the SFIP as a carrier of a Write-Your-Own Policy and pursuant to an arrangement with the Federal government.[1] Allstate's role is to act as a fiduciary or agent of the United States.[2]

On or about October 27, 2006, Plaintiffs' property suffered a flood loss. Plaintiffs filed a claim for benefits under their SFIP with Allstate. As a courtesy per the terms of the SFIP,[3] Allstate

---

[1] 44 C.F.R. Pt.62 A.

[2] 42 U.S.C § 4701 (a)(1) and 44 C.F.R. Pt.62.23(f).

[3] SFIP Art. VII (J)(7).

assigned adjusters to Plaintiffs' claims.

During the adjustment process Allstate determined the following losses: (1)$2,013.92 for Coverage A (building) and (2) $2,334.47 for Coverage B (contents). Plaintiffs and Allstate disagreed with the adjustment of the claim and whether additional federal benefits were payable as to the claim. Plaintiffs filed the instant lawsuit in the Fourteenth Judicial District Court on October 23, 2007.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[8] The burden requires

---

[4] Fed. R.Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[6] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[7] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[8] *Anderson*, 477 U.S. at 249.

2

more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[11]

## **LAW AND ANALYSIS**

Plaintiffs' claims involve the National Flood Insurance Program (NFIP), which Congress created to provide insurance coverage at or below actuarial rates.[12] FEMA operates the program, and it is supported by the federal treasury.[13] Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write-Your-Own" ("WYO") companies.[14] Allstate issued the policy to Plaintiffs as a WYO company. By statute, WYO companies are fiscal agents of the United States.[15]

FEMA fixes the terms and conditions of all federal flood insurance policies, including the policy issued to Plaintiffs. Policies must be issued in the form of a Standard Flood Insurance Policy

---

[9] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[11] *Anderson,* 477 U.S. at 249-50.

[12] *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998)

[13] *Id.*

[14] *Id.*

[15] 42 U.S.C. § 4071(a)(1).

3

(SFIP) and no provision of the policy can be altered, varied, or waived without the express written consent of the Federal Insurance Administrator.[16] The regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all of the policy's requirements, including the POL requirement.[17] This is a strict requirement. In *Gowland, supra*, the court explained that the POL requirement–contained in a provision of an insurance policy issued pursuant to a federal program–must be "strictly construed and enforced."[18]

The particular condition precedent Allstate asserts is that the Plaintiffs did not satisfy the requirement to submit a sworn proof of loss.[19] Allstate maintains that it is both irrefutable and dispositive that Plaintiffs did not support their current claims for further federal benefits under their SFIP by submitting a proof of loss statement at anytime, much less within the sixty (60) day proof of loss deadline as required by SFIP Article VII(J)(4). Allstate cites numerous Fifth Circuit cases that have held that under these circumstances, no further benefits are payable under the Plaintiffs' SFIP.[20] In the *Richardson* case, the Fifth Circuit re-affirmed its prior precedent in holding that (1) a proof of loss is absolutely required to pursue U.S. treasury funds; (2) substantial compliance is not

---

[16] 44 C.F.R. § 61, app. A(2), art. VII.D.

[17] 44 C.F.R. § 61, app. (A)(1), arts. VII.J, VII.R.

[18] 143 F.3d at 954.

[19] See 44 C.F.R. § 61, app. A(1), art. VII.J.

[20] See *Marseilles Homeowners Cond. Assoc., Inc. v. Fidelity National Insurance Company*, 542 F.3d 1053 (5th Cir. 2008); *Richardson v. American Bankers Ins. Co. Of Florida*, 279 Fed.Appx. 295, 2008 WL 510518 (5th Cir. 2008); *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir. 1998); *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).

a valid defense to a failure to submit a proof of loss; and (3) estoppel is not a valid defense to a failure to submit a proof of loss.[21] Hence, Allstate argues that Plaintiffs' claims are barred for failure to file a proof of loss within sixty (60) days after the date of the loss.

Allstate submits the affidavit of Jason Raske, Allstate's corporate representative in charge of managing the litigation for Allstate's SFIP's, who attests that "Plaintiffs did not file a Proof of Loss in support of the monies now being sought in this lawsuit. No proof of loss signed and sworn to by the insured was ever received by Allstate for any amounts for their October 27, 2006 flood loss."[22] Allstate asserts that since the filing of the lawsuit, Plaintiffs have not submitted any document evidencing their compliance with Article VII(J)(4), nor do Plaintiffs' initial disclosures include any document signed and sworn to by Plaintiffs setting forth the amount that they are claiming in regard to their flood loss claim. Allstate further asserts that Plaintiffs' responses to discovery do not include the production of any document or identification thereof evidencing their compliance with SFIP Article VII(J)(4).

Plaintiffs responded to Allstate's Interrogatories Nos. 3 and 4 as follows regarding their proof of loss:

INTERROGATORY NO. 3:

> Please identify any document that you contend is a proof of loss concerning your October 27, 2006 flood loss claim, and for each proof of loss, state what amounts claimed in the proof of loss have been paid by Allstate and what amounts claimed in the proof of loss have not been paid by Allstate.

ANSWER:

---

[21] See also *Marseilles, supra* for same holding.

[22] Allstate exhibit A, Raske affidavit, ¶ 16.

5

Objection. All of this information has previously been provided to Allstate and is in the possession of Allstate. By way of this interrogatory, Allstate is asking for that which it already knows and already has possession of and were attached to Allstate's Initial Disclosures of April 8, 2008.

Subject to that objection, plaintiffs state that all amounts claimed have not been paid by Allstate. Plaintiffs were offered the sum of $4,300.00 by Allstate but that amount was refused by plaintiffs.

INTERROGATORY NO.4:

Please describe in detail, with specificity and particularity, the nature and scope of all damages for which you are seeking recovery in this lawsuit, including where applicable any SFIP provision(s) you contend support any portion of such claimed damages. Include a state of the total amount you are seeking under your SFIP in this lawsuit.

ANSWER:

Objection. Once again Allstate is asking for information which it already has in its possession.

Subject to that objection, please see documents attached to Allstate's Initial Disclosures as well as the attached estimate dated November 1, 2006 in the amount of $44,238.34.[23]

Allstate submits as summary judgment evidence the estimate Plaintiffs are referring to in response to Interrogatory No. 4.[24] Allstate points out that the estimate is not sworn to and signed by Plaintiffs, thus it does not comply with SFIP Article VII(J)(4). The document Plaintiffs are relying on is dated November 1, 2006 and is signed by the estimator only, Gerard Guimbellot; the estimate shows structural damages in the amount of $44,238.34. Plaintiffs also rely on a Flood Narrative dated December 22, 2006 and authored by Allstate adjuster, Jason Pope, wherein the following statement is made:

---

[23] Allstate exhibit G.

[24] Allstate exhibit H.

6

**Outstanding Investigation/Adjustment:** The Proof of Loss Form(s) have been signed by the Insured(s) and are attached to this file. This appears to conclude this loss. If we may be of any further service please contact Allstate Insurance-National Catastrophe Team.

The Flood Narrative shows the Building loss to have an Actual Cash Value Claim Payable of $2,013.42 and the Contents loss have an Actual Cash Value Claim Payable of $2,334.47. In rebuttal, Allstate argues that the estimate signed by Gerard Guimbellot is not signed by Plaintiffs. 44 C.F.R. Pt. 61, App.A(1), Art. VII(J)(4) states in pertinent part that "[w]ithin 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you..." Allstate further argues that the Flood Narrative authored by Mr. Pope is not sufficient to create a genuine issue of material fact because Plaintiffs have not submitted an affidavit or other sworn testimony stating that they submitted a signed sworn proof of loss to Jason Pope or Allstate, nor have they submitted summary judgment evidence to contradict the affidavit of Jason Raske which attests to the fact that no proof of loss was signed by Plaintiffs for the damages they are now seeking in this lawsuit. Allstate submits summary judgment evidence that indicates that Plaintiffs refused to sign a proof of loss. On January 11, 2007, Allstate sent Mr. and Mrs. Chaddick a letter regarding their claim. The letter contained the following:

> Please be advised you have not provided us with the documentation necessary to pursue your claim. In order for us to request payment for this claim from the NFIP we must have a signed Proof of Loss. We refer you to your national Flood Insurance Dwelling Policy, **Article VII - General Conditions,** Paragraph J, Sections 1, 2, 3, 4, 6 & 7 which state:
> J. Requirements in case of Loss
>
> In case of a flood loss to insured property, you must;
>
>     * * *

7

    4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you and which furnishes us with the following information:

     a. The date and time of loss;
     b. A brief explanation of how the loss happened;
     c. Your interest (for example, "owner") and the interest, if any, of other in the damaged property;
     d. Details of any other insurance that may cover the loss;
     e. Changes in title or occupancy of the covered property during the term of the policy;
     f. Specifications of damaged buildings and detailed repair estimates;
     g. Names of mortgagees or anyone else having a lien, charge, or claim against the covered property;
     h. Details about who occupied any insured building at the time of loss and for what purpose; and
     I. The inventory of damaged personal property described in J.3. above.

    6. You must cooperate with the adjuster or representative in the investigation of the claim.
. . .[25]

Allstate submits that the following notations or remarks by an Allstate agent were made as follows:

RECEIVED CLAIM AS PROOF OF LOSS. SPOKE WITH THE AGENT REGARDING CLAIM. AGENT WAS ATTEMPTING TO FOLLOW UP ON CLAIM. I LET HIM KNOW THAT I WOULD CONTACT THE INSD TODAY. CALLED THE INSD AND EXPLAINED THAT I WAS WITH THE CLAIMS SETTLEMENT DEPT. REVIEWED ESTIMATE TOTALS WITH INSD ON LOSS. INSD WAS VERY UPSET AND REFUSED TO SIGN PROOF OF LOSS. I LET HER KNOW THAT WE WOULD CLOSE THE CLAIM IF SHE REFUSED. INSD ASKED IF I WOULD MAIL HER A COPY OF THE POLICY WILL FORWARD CLAIM TO LETTER DEPT FOR LETTER TO BE SENT TO INSD. ROBBY HARRISON . . . 01/10/2007[26]

DWELLING DENIAL - REFUSAL TO SIGN PROOF OF LOSS LETTER MAILED TO INSURED PER R. HARRISON AND COPY OF REQUESTED FLOOD

---

[25] Allstate exhibit 3, (PC 0008).

[26] Allstate exhibit 3 (PC 0448)

8

POLICY . . . 01/11/2007[27]

RECEIVED CALL FROM INSD ON CLAIM. INSD IS STILL VERY UPSET THAT WE ARE NOT WILLING TO PAY FOR HER CLEAN UP EXPENSES FOR THE FLOOD . . . HER ADJUSTER WROTE CLAIM FOR ALL THAT WOULD BE COVERED UNDER NEW LOSS AND INSD REFUSES TO SIGN THE PROOF OF LOSS . . .01/17/2007[28]

RETURNING FILE TO FILE ROOM, INSURED REFUSES TO SIGN THE PROOF OF LOSS FOR THE REPAIRS THAT WE COULD ACCOUNTING FOR, BUT SHE FAILED TO SUBMIT ANY RECEIPTS PROVING THAT THE PRIOR WORK WAS DONE OTHER THAN A FEW RECEIVED SHOWING 300.00 HERE BUT DOESN'T STATE WHAT IT WAS FOR, AND THESE RECEIPTS GO ON AND ON WITH NOTHING TO BASE THE PRIOR REPAIRS ON. WHEN WE RECEIVE THE RECEIPTS AS REQUESTED BY THE PROVISION OF THIS FEDERAL POLICY, WE WILL THEN PROCESS HER CLAIM. WILMA BROWN 02/01/2007[29]

CLOSING CLAIM WITHOUT PAYMENT - INSURED REFUSED TO SIGN THE PROOF OF LOSS . . . MARY BARNETT . . . 03/28/2007[30]

It is clear to the Court that a signed and sworn proof of loss has not been submitted to Allstate for the damages Plaintiffs seek in this lawsuit. The estimate by Mr. Guimbellot is not signed by Plaintiffs. Even though the Flood Narrative dated December 22, 2006 states that a Proof of Loss was received, the Plaintiffs were sent a letter on January 11, 2007 clearly informing them that a Proof of Loss had not been submitted and was an absolute prerequisite to payment. Furthermore, there are numerous notations by various Allstate personnel declaring that Plaintiffs refused to sign a Proof of

---

[27] Allstate exhibit 3, (PC 0449).

[28] *Id.*

[29] Allstate exhibit 3 (PC 0007).

[30] Allstate exhibit 3, (PC 0452).

Loss. In *Richardson v. American Bankers*,[31] the Fifth Circuit held:

> . . . Essentially, Richardson believes that he could bring suit without ever submitting a sworn proof of loss for the additional sums he claims he is owed under the policy.
>
> Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent. Pursuant to the waiver, after Katrina, insureds with SFIP coverage could receive payment for losses based on an adjuster's report without submitting a sworn POL within the normal 60-day statutory period. But if the policyholder disagreed with the insurer's calculation for the amount owed, the policyholder had to submit to the insurer a sworn POL within one year from the date of the loss.
>
> This is a strict requirement. The regulations say that a NFIP participant cannot file a lawsuit seeking further benefits under the SFIP unless the participant can show prior compliance with *all* of the policy's requirements, including the POL. 44 C.F.R. § 61, app. (A)(1), Arts. VII.J, VII.R. (Emphasis in original)[32]

In *Richardson, supra,* the insured also submitted to the insurer invoices, an estimate, and a request in writing for additional benefits under the SFIP. However, he never submitted a sworn POL, thus the court concluded that substantial compliance was insufficient for bringing a suit for further federal benefits. The Court concludes that is no genuine issue of material fact for trial that Plaintiffs failed to submit a signed and sworn Proof of Loss for the amount of damages they are seeking in this lawsuit. Accordingly, Plaintiffs are precluded from seeking further federal benefits under the SFIP.

*Claims filed in state court*

Allstate maintains that the action should be dismissed because the original suit was filed in state court in violation of 44 C.F.R. § 62.22(a) and Article VII.R of the Plaintiffs' SFIP. Section

---

[31] 2008 WL 510518 (5th Cir. 2008).

[32] *Id.* at *2.

62.22(a) provides that:

> the claimant within one year after the date of mailing by the Federal Insurance Administrator, the participating Write-Your-Own company, or the servicing agent of the notice of disallowance or partial disallowance for the claim, may pursuant to 42 U.S.C. § 4072, institute an action on such claim against the insurer only in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated.

Article VII.R of the Plaintiffs' SFIP provides in pertinent part that:

> you must file the suit in the United States District Court of the district in which the property is located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

The instant suit was removed from state court based upon federal question subject matter jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331.[33] While the Court agrees that this suit belongs in federal court, Allstate has failed to submit any authority as to why this properly removed case which is now in Federal court should be dismissed on this basis alone. However, in their reply brief, Allstate argues that Plaintiffs' claims are time barred because Plaintiffs' filing of suit in state court does not toll the statute of limitations. The court will not address this argument because it was first raised in Allstate's reply and not in the initial motion, thus Plaintiffs have not had the opportunity to defend Allstate's position.

*State law claims*

Allstate maintains that Plaintiffs' state law claims based on extra-contractual claims must be dismissed because they are preempted by federal law. Plaintiffs do not dispute that their state law claims are preempted by federal law,[34] thus, they will be dismissed.

---

[33] See Notice of Removal dated December 5, 2007 (doc. #1).

[34] Plaintiffs' opposition memorandum, p. 1, fn. 1.

11

## CONCLUSION

Based on the foregoing, the motion summary judgment will be granted dismissing with prejudice Plaintiffs' federal claims against Allstate at Plaintiff's cost for failure to comply with the conditions precedent in their SFIP, specifically Article VII(J)(4), and Plaintiffs' state law claims will also be dismissed with prejudice because federal law preempts the state law claims.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of February, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE